UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on August 1, 2024

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. |
| v. | : GRAND JURY ORIGINAL |
| DON CHASE | : |
| Defendant. | : VIOLATIONS:<br>: 18 U.S.C. § 922(g)(1)<br>: (Unlawful Possession of a Firearm and<br>: Ammunition by a Person Convicted of a<br>: Crime Punishable by Imprisonment for a<br>: Term Exceeding One Year)<br>: 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C)<br>: (Unlawful Possession With Intent to<br>: Distribute Oxycodone)<br>: 18 U.S.C. § 924(c)(1)(A)(i)<br>: (Using, Carrying, and Possessing a Firearm<br>: During, in Relation to, and in Furtherance<br>: of a Drug Trafficking Offense)<br>:<br>: FORFEITURE: 18 U.S.C. § 924(d),<br>: 21 U.S.C. §§ 853(a) and (p),<br>: and 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about July 24, 2024, within the District of Columbia, **DON CHASE**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Circuit Court for Prince George's County, Maryland, Docket No. CT180799X, and

the Circuit Court for Prince George's County, Maryland, Docket No. CT150125X, did unlawfully and knowingly receive and possess a firearm, that is, a HS Produkt (imported by Springfield Armory) model XDM 9 mm semi-automatic firearm, and did unlawfully and knowingly receive and possess ammunition, that is, 9mm ammunition, which had been possessed, shipped, and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT TWO

On or about July 24, 2024, within the District of Columbia, **DON CHASE**, knowingly and intentionally possessed with intent to distribute Oxycodone, a Schedule II controlled substance.

**(Unlawful Possession with Intent to Distribute Oxycodone**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THREE

On or about July 24, 2024, within the District of Columbia, **DON CHASE**, did unlawfully and knowingly use, and carry during and in relation to, and possess in furtherance of, a drug trafficking offense, for which he may be prosecuted in a court of the United States, that is, Count Two of this Indictment which is incorporated herein, a firearm, that is, HS Produkt (imported by Springfield Armory) model XDM 9mm semi-automatic firearm.

**(Using, Carrying, and Possessing a Firearm During, in Relation to, and in Furtherance of a Drug Trafficking Offense**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i)).

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Counts One, Two, or Three of this Indictment, the Defendant **DON CHASE** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to a HS Produkt (imported by Springfield Armory) model XDM 9mm semi-automatic firearm and 9mm ammunition.

2. Upon conviction of the offense alleged in Counts One, Two, or Three of this indictment, the defendant **DON CHASE** shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   (a)   cannot be located upon the exercise of due diligence;

   (b)   has been transferred or sold to, or deposited with, a third party;

   (c)   has been placed beyond the jurisdiction of the Court;

   (d)   has been substantially diminished in value; or

(e) has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(a) and d(p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

*Edward Martin Jr.,*

Attorney of the United States in
and for the District of Columbia

FOREPERSON.