# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**

**Grand Jury Sworn in on March 13, 2025**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 25-CR-111 (APM) |
| | : | |
| v. | : | |
| | : | **VIOLATIONS:** |
| DON CHASE | : | |
| | : | **18 U.S.C. § 846** |
| Defendant. | : | **(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)** |
| | : | **18 U.S.C. § 924(c)(1)(A)(ii)** |
| | : | **(Using, Carrying, and Brandishing a Firearm During a Drug Trafficking Offense)** |
| | : | **18 U.S.C. § 1951** |
| | : | **(Interference with Interstate Commerce by Robbery)** |
| | : | **18 U.S.C. § 924(c)(1)(A)(ii)** |
| | : | **(Using, Carrying, and Brandishing a Firearm During a Crime of Violence)** |
| | : | **22 D.C. Code § 801(b)** |
| | : | **(Second Degree Burglary)** |
| | : | **18 U.S.C. § 922(g)(1)** |
| | : | **(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year)** |
| | : | **21 U.S.C. §§ 841(a)(1), 841(b)(1)(C)** |
| | : | **(Unlawful Possession With Intent to Distribute Oxycodone)** |
| | : | **18 U.S.C. § 924(c)(1)(A)(i)** |
| | : | **(Using, Carrying, and Possessing a Firearm During, in Relation to, and in Furtherance of a Drug Trafficking Offense)** |
| | : | |
| | : | **FORFEITURE: 18 U.S.C. §§ 924(d) and 981(a)(1)(C), 21 U.S.C. §§ 853(a) and (p), and 28 U.S.C. § 2461(c)** |
| | : | |

# I N D I C T M E N T

The Grand Jury charges that:

## COUNT ONE

Beginning on or about May 2024, and continuing through at least on or about July 24, 2024, within the District of Columbia and elsewhere, **DON CHASE**, and others known and unknown to the Grand Jury, did knowingly and willfully combined, conspire, confederate, and agree together, and with other persons, to unlawfully, knowingly, and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of Oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); a mixture and substance containing a detectable amount of Amphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); a mixture and substance containing a detectable amount of Tapentadol, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); a mixture and substance containing a detectable amount of Hydrocodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and a mixture and substance containing a detectable amount of Morphine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**(Conspiracy to Distribute and Possess with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Oxycodone, Amphetamine, Tapentadol, Hydrocodone, and Morphine**, in violation of Title 21, United States Code, Section 846).

## COUNT TWO

Beginning on or about May 2024, and continuing through at least on or about July 24, 2024, in the District of Columbia and elsewhere, **DON CHASE**, did unlawfully and knowingly use, carry, and brandish during and in relation to, and did possess in furtherance of, a drug trafficking offense, for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute controlled substances, as charged in Count One of this indictment, which is incorporated herein, a firearm.

**(Using, Carrying, and Brandishing a Firearm During and in Relation to a Drug Trafficking Crime**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii)).

## COUNT THREE

On or about May 30, 2024, within the District of Columbia and elsewhere, **DON CHASE** and individuals known and unknown to the Grand Jury did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **DON CHASE** and individuals known and unknown to the Grand Jury did unlawfully take and obtain, and attempt to take and obtain, property consisting of controlled substances from the KC Pharmacy located at 8988 Lorton Station Boulevard, Lorton, Virginia, from the presence of employees, and against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while the employees were engaged in commercial activities as employees of KC Pharmacy, a business that was engaged in and that affects interstate commerce.

**(Interference with Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951).

## COUNT FOUR

On or about May 30, 2024, in the District of Columbia and elsewhere, **DON CHASE**, did unlawfully and knowingly use, carry, and brandish during and in relation to, and did possess in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is, interference with commerce by robbery, as charged in Count Three of this indictment, which is incorporated herein, a firearm.

    **(Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii)).

## COUNT FIVE

On or about June 14, 2024, within the District of Columbia and elsewhere, **DON CHASE** and individuals known and unknown to the Grand Jury, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **DON CHASE** and individuals known and unknown to the Grand Jury did unlawfully take and obtain, and attempt to take and obtain, property consisting of controlled substances from the Pulse Pharmacy located at 8981 Woodyard Road, Clinton, Prince George's County, Maryland from the presence of employees, and against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while the employees were engaged in commercial activities as employees of Pulse Pharmacy, a business that was engaged in and that affects interstate commerce.

    **(Interference with Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951).

## COUNT SIX

On or about June 14, 2024, in the District of Columbia and elsewhere, **DON CHASE**, did unlawfully and knowingly use, carry, and brandish during and in relation to, and did possess in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is, interference with commerce by robbery, as charged in Count Five of this indictment, which is incorporated herein, a firearm.

(**Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii)).

## COUNT SEVEN

On or about June 14, 2024, within the District of Columbia and elsewhere, **DON CHASE** and individuals known and unknown to the Grand Jury, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **DON CHASE** and individuals known and unknown to the Grand Jury did unlawfully take and obtain, and attempt to take and obtain, property consisting of controlled substances from the Ramdass Pharmacy located at 475 Ingraham Street NE, Washington, DC from the presence of employees, and against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while the employees were engaged in commercial activities as employees of Ramdass Pharmacy, a business that was engaged in and that affects interstate commerce.

(**Interference with Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951).

## COUNT EIGHT

On or about June 14, 2024, in the District of Columbia and elsewhere, **DON CHASE**, did unlawfully and knowingly use, carry, and brandish during and in relation to, and did possess in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is, interference with commerce by robbery, as charged in Count Seven of this indictment, which is incorporated herein, a firearm.

(**Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii)).\

## COUNT NINE

On or about June 20, 2024, within the District of Columbia, **DON CHASE** entered the residence 2017 Savannah Ter SE of C.T., with the intent to steal.

(**Second Degree Burglary**, in violation of Title 22, District of Columbia Code, Section 801(b) (2001 ed.)).

## COUNT TEN

Between on or about June 21, 2024 and on or about June 24, 2024, within the District of Columbia, **DON CHASE** entered the residence 2017 Savannah Ter SE of C.T., with the intent to steal.

(**Second Degree Burglary**, in violation of Title 22, District of Columbia Code, Section 801(b) (2001 ed.)).

## COUNT ELEVEN

On or about June 29, 2024, within the District of Columbia and elsewhere, **DON CHASE** and individuals known and unknown to the Grand Jury did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United

States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **DON CHASE** and individuals known and unknown to the Grand Jury did unlawfully take and obtain, and attempt to take and obtain, property consisting of controlled substances from the Brookville Pharmacy located at 7025 Brookville Road, Chevy Chase, Maryland from the presence of employees, and against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while the employees were engaged in commercial activities as employees of the Brookville Pharmacy, a business that was engaged in and that affects interstate commerce.

(**Interference with Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951).

## COUNT TWELVE

On or about June 29, 2024, in the District of Columbia and elsewhere, **DON CHASE**, did unlawfully and knowingly use, carry, and brandish during and in relation to, and did possess in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is, interference with commerce by robbery, as charged in Count Eleven of this indictment, which is incorporated herein, a firearm.

(**Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii)).

## COUNT THIRTEEN

On or about July 5, 2024, within the District of Columbia and elsewhere, **DON CHASE** and individuals known and unknown to the Grand Jury did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United

States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **DON CHASE** and individuals known and unknown to the Grand Jury did unlawfully take and obtain, and attempt to take and obtain, property consisting of controlled substances from the Annapolis Professional Pharmacy located at 703 Giddings Avenue in Annapolis, Maryland from the presence of employees, and against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while the employees were engaged in commercial activities as employees of the Annapolis Professional Pharmacy, a business that was engaged in and that affects interstate commerce.

(**Interference with Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951).

## COUNT FOURTEEN

On or about July 5, 2024, in the District of Columbia and elsewhere, **DON CHASE**, did unlawfully and knowingly use, carry, and brandish during and in relation to, and did possess in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is, interference with commerce by robbery, as charged in Count Thirteen of this indictment, which is incorporated herein, a firearm.

(**Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii)).

## COUNT FIFTEEN

On or about July 16, 2024, within the District of Columbia and elsewhere, **DON CHASE** and individuals known and unknown to the Grand Jury did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United

8

States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **DON CHASE** and individuals known and unknown to the Grand Jury did unlawfully take and obtain, and attempt to take and obtain, property consisting of controlled substances from the Main Street Pharmacy located at 667 Main Street, Laurel, Maryland from the presence of employees, and against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while the employees were engaged in commercial activities as employees of the Main Street Pharmacy, a business that was engaged in and that affects interstate commerce.

**(Interference with Commerce by Robbery,** in violation of Title 18, United States Code, Section 1951).

## COUNT SIXTEEN

On or about July 16, 2024, in the District of Columbia and elsewhere, **DON CHASE**, did unlawfully and knowingly use, carry, and brandish during and in relation to, and did possess in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is, interference with commerce by robbery, as charged in Count Fifteen of this indictment, which is incorporated herein, a firearm.

**(Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence,** in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii)).

## COUNT SEVENTEEN

On or about July 24, 2024, within the District of Columbia, **DON CHASE** knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Circuit Court for Prince George's County, Maryland, Docket No. CT180799X, and the Circuit Court for Prince George's County, Maryland, Docket No. CT150125X, did unlawfully and knowingly receive and possess a firearm, that is, a HS Produkt (imported by Springfield Armory)

9

model XDM 9 mm semi-automatic firearm, and did unlawfully and knowingly receive and possess

ammunition, that is, 9mm ammunition, which had been possessed, shipped, and transported in and

affecting interstate and foreign commerce.

> **(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1)).

### COUNT EIGHTEEN

On or about July 24, 2024, within the District of Columbia, **DON CHASE** knowingly and

intentionally possessed with intent to distribute Oxycodone, a Schedule II controlled substance.

> **(Unlawful Possession with Intent to Distribute Oxycodone**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)).

### COUNT NINETEEN

On or about July 24, 2024, within the District of Columbia, **DON CHASE** did unlawfully

and knowingly use, and carry during and in relation to, and possess in furtherance of, a drug

trafficking offense, for which he may be prosecuted in a court of the United States, that is, Count

Eighteen, of this Indictment which is incorporated herein, a firearm, that is, HS Produkt (imported

by Springfield Armory) model XDM 9mm semi-automatic firearm.

> **(Using, Carrying, and Possessing a Firearm During, in Relation to, and in Furtherance of a Drug Trafficking Offense**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i)).

### FORFEITURE ALLEGATION

1.    Upon conviction of the offense alleged in Counts One through Eight or Eleven through

Nineteen of this Indictment, the defendant, **DON CHASE**, shall forfeit to the United States,

pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section

2461(c), any firearms and ammunition involved in or used in the knowing commission of the

10

offense, including but not limited to a HS Produkt (imported by Springfield Armory) model XDM 9mm semi-automatic firearm and 9mm ammunition.

2.    Upon conviction of any of the offenses listed in Three, Five, Seven, Eleven, Thirteen, or Fifteen of this Indictment, the defendant, **DON CHASE**, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses.

3.    Upon conviction of the offense alleged in Counts One or Eighteen of this indictment, the defendant, **DON CHASE**, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses.

4.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:
  (a)    cannot be located upon the exercise of due diligence;
  (b)    has been transferred or sold to, or deposited with, a third party;
  (c)    has been placed beyond the jurisdiction of the Court;
  (d)    has been substantially diminished in value; or
  (e)    has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value

of the property described above, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Sections 924(d) and 981(a)(1)(C), Title 21, United States Code, Sections 853(a) and (p), and Title 28, United States Code, Section 2461(c)).

A TRUE BILL:

FOREPERSON.

Jeanine Ferris Pirro
United States Attorney

By: _____
Gauri Gopal
Assistant United States Attorney